# CIRCUIT COURT OF THE CITY OF RICHMOND

Commonwealth of Virginia

v.

Leonard Randolph Brown

March 29, 2001

Indictment for Possession of Firearm by Felon: F-00-2425
Indictment for Possession of Firearm
While in Possession of Cocaine: F-00-2426

BY JUDGE MARGARET P. SPENCER

On November 29, 2000, a jury convicted the defendant of possession of a firearm by a felon and possession of a firearm while in possession of cocaine. The jury also sentenced him to the mandatory five-year incarceration period for each offense. Prior to trial, the Commonwealth moved to preclude the defendant from mentioning the "mandatory sentencing during the guilt phase and on *voir dire.*" The defendant, by counsel, stated he "would like to ask the jury . . . [if] they realize that there is a mandatory minimum sentence on these charges." The Court responded:

> The Court will give the instruction as to the specific term of years during the sentencing phase, but during voir dire, the Court will ask the jury if they can follow the full range of punishment and if they can follow the Court's instructions as to punishment and render a fair and impartial decision if they find the defendant guilty.

After the jury found the defendant guilty, counsel agreed upon the instructions given during the penalty phase. The defendant did not proffer any

additional instructions and did not object to the instructions. The defendant now seeks a rehearing, claiming the Court erred in preventing inquiry about the jurors' "knowledge and understanding of mandatory minimum sentencing" and in failing to instruct the jury that parole has been abolished in Virginia. For the reasons set forth below, the motion to rehear is denied.

*Voir Dire*

The defendant claims *Hills* v. *Commonwealth*, 33 Va. App. 442, 462, 462 S.E.2d 337, 347 (2000), which held a trial court erred in limiting inquiry on *voir dire* relative to the abolition of parole, is controlling authority. The Commonwealth responds that *Hills* is not controlling because it is in direct contradiction with a case decided by the Supreme Court of Virginia and because it is on appeal to the Supreme Court of Virginia. As a general proposition, "[t]he manner in which jury selection is conducted is within the discretion and control of the trial court, guided by statute[1] and rule of court." *Buchanan v. Commonwealth*, 238 Va. 389, 400, 384 S.E.2d 757, 764 (1989).

Rule 3A:14 provides:

(a) *Examination.* After the prospective jurors are sworn on the *voir dire*, the court shall question them individually or collectively to determine whether anyone:

(1) Is related by blood or marriage to the accused or to a person against whom the alleged offense was committed;

(2) Is an officer, director, agent or employee of the accused;

(3) Has any interest in the trial or the outcome of the case;

(4) Has acquired any information about the alleged offense or the accused from the news media or other sources and, if so, whether such information would affect his impartiality in the case;

(5) Has expressed or formed any opinion as to the guilt or innocence of the accused;

---

[1] Virginia Code § 8.01-358 provides "The court and counsel for either party shall have the right to examine under oath any person who is called as a juror therein and shall have the right to ask such person or juror directly any relevant question to ascertain whether he is related to either party, or has any interest in the cause, or has expressed or formed any opinion, or is sensible of any bias or prejudice therein; and the party objecting to any juror may introduce any competent evidence in support of the objection; and if it shall appear to the court that the juror does not stand indifferent in the cause, another shall be drawn or called and placed in his stead for the trial of that case."

(6) Has a bias or prejudice against the Commonwealth or the accused; or

(7) Has any reason to believe he might not give a fair and impartial trial to the Commonwealth and the accused based solely on the law and the evidence.

Thereafter, the court, and counsel as of right, may examine on oath any prospective juror and ask any question relevant to his qualifications as an impartial juror. A party objecting to a juror may introduce competent evidence in support of the objection.

(b) *Challenge for Cause.* The court, on its own motion or following a challenge for cause, may excuse a prospective juror if it appears he is not qualified, and another shall be drawn or called and placed in his stead for the trial of that case.

A defendant:

has no right, statutory or otherwise, to propound any question he wishes, or to extend *voir dire* questioning *ad infinitum. Id.* Further, trial courts are not required to allow counsel to ask questions which are so ambiguous as to render the answer meaningless. *See id.* at 579, 304 S.E.2d at 652-53. *To be permissible, counsel's questions must be relevant in that they are such as would necessarily disclose or clearly lead to the disclosure of relationship, interest, opinion, or prejudice.*

*Buchanan,* 238 Va. at 400, 384 S.E.2d at 764 (emphasis added).

First, the question the defendant wanted to ask the jury in this case related to the mandatory sentence for the charged offenses. It did not relate to the abolition of parole and, contrary to the defendant's assertion, the "line of reasoning" is *not* "the same." The abolition of parole is a factor the jury could consider, with mitigating and aggravating factors, in determining a punishment within a legally permissible punishment range. There is no punishment range with mandatory sentencing.

There is no legal concept more difficult to reconcile than jury sentencing for a mandatory penalty. The legislature has determined the penalty. There are simply no facts — mitigating or aggravating or otherwise — for a jury to consider. There is no determination that necessitates or suggests a consideration of parole ineligibility. If the jury inquiry during *voir dire* focuses on whether the jury can follow the court's instructions as to punishment if it finds the defendant guilty, as it did in this case, no other inquiry is necessary. The legislature decided there is one penalty, and one penalty only, after a

finding of guilt. A juror has only two options, repetition or nullification. A trial court would confuse the jury, at best, or encourage and condone nullification, at worst, by allowing counsel to question the jury about their "knowledge and understanding of certain aspects of the trial pertaining to sentencing" (Defendant's Brief in Support of Motion to Rehear, p. 3) in mandatory penalty cases.

It simply cannot be said that questioning prospective jurors about their "knowledge and understanding of" mandatory sentencing would *"necessarily disclose or clearly lead to the disclosure of opinion or prejudice"* which would serve as the basis for a strike for cause. *Buchanan*, 238 Va. at 400, 384 S.E.2d at 764.

Most importantly, assuming *arguendo* that mandatory penalties are analogous to parole abolition, *Hills* is not controlling authority in trial courts at this time. In *Lilly v. Commonwealth*, 255 Va. 558, 567-68, 499 S.E.2d 522, 529-30 (1998), *rev'd on other grounds*, 119 S. Ct. 1887 (1999), the Supreme Court of Virginia addressed the very issue raised in *Hills* and determined that such questioning is not permitted. Significantly, the decision in *Lilly* was relied upon by the Court of Appeals when this issue was rejected at the petition stage.

Lilly contended that the trial court erred in refusing to permit him to question the jury during *voir dire* on the issue of parole ineligibility of defendants upon whom life sentences are imposed in capital murder cases. Lilly claimed that the requirement of *Simmons v. South Carolina*, 512 U.S. 154, 162 (1994), that the trial court instruct the jury on parole ineligibility requires that the venire be informed on this issue at the outset of trial and that individual jurors may be questioned on their views of this issue.

The Supreme Court of Virginia disagreed, stating:

> The clear import of *Simmons* is that, once a defendant is convicted of a capital crime, he has, as a matter of due process, the right to have the jury informed of his ineligibility for parole in order that this factor may be weighed by the jury against the finding of his further dangerousness to society. *Nothing in Simmons even remotely suggests that knowledge of parole ineligibility rules and exploration of potential jurors' opinions on that subject would be a proper topic for voir dire. The probable confusion and prejudice such an inquiry would cause in the minds of jurors is self-evident.* Accordingly, we reject Lilly's contention that he should have been permitted to "educate" and examine the venire on this issue.

*Id.* 255 Va. at 567-68, 499 S.E.2d at 529-30. *See also Yarbrough v. Commonwealth,* 258 Va. 347, 272, 519 S.E.2d 602, 615 (1999) ("We have limited our application of *Simmons* to the penalty-determination phase, rejecting attempts to expand its application to the [*voir dire* phase of] trial.").

Clearly, if *voir dire* questions on the issue of parole are not permitted in death penalty cases, then such questions also are improper in other felony cases. The holding in *Lilly* dictates that *voir dire* questions about parole are improper, and the Court of Appeals in *Hills* neither distinguished nor mentioned *Lilly.* The Court of Appeals decision in *Hills* is currently on appeal to the Supreme Court and is simply not controlling authority. More importantly, if *voir dire* questions about parole ineligibility would cause confusion and prejudice in cases with a permissible sentencing range, as stated in *Lilly,* then *voir dire* questions about mandatory sentencing would clearly cause even more confusion and prejudice in cases where the legislature determines the only permissible sentence.

### Jury Instructions

The defendant claims the trial court should have *sua sponte* instructed the jury on the abolition of parole in this mandatory penalty case. In *Fishback* v. *Commonwealth,* 260 Va. 104, 532 S.E.2d 629 (2000), cited by defendant, the Court held that juries shall be instructed, as a matter of law, on the abolition of parole for non-capital felony offenses committed after January 1, 1995. In *Jarman* v. *Commonwealth,* No. 1183-00-4 (Court of Appeals, February 13, 2001) (petition for rehearing pending), the Court of Appeals stated that even "though appellant failed to object or raise the issue during trial, the trial court had an affirmative duty to properly instruct the jury about the matter [abolition of parole] because they evidenced a need for instruction by posing the question to the court." (slip op. p. 6). Neither *Fishback* nor *Jarman* hold that the trial court has an affirmative duty to instruct the jury, *sua sponte,* on abolition of parole in mandatory penalty cases where parole ineligibility is simply not relevant to any determination made by the jury. In *Fishback,* the Court stated it "belongs to the [trial] court to instruct the jury as to the law, whenever they require instruction, or either of the parties request it to be given." 260 Va. at 117, 532 S.E.2d at 635. The trial court rejected two proffered defense instructions on the abolition of parole and during deliberations the jury asked if defendant qualified for parole. In *Jarman* the jury specifically asked about parole and counsel did not object to the court's response. The trial court told the jury (1) to impose the punishment it believed just, based on the evidence and the law, and (2) to not consider what would

happen afterwards. The Court held the trial court's response "left the jury with the belief that parole would be available." Although defendant did not object, the trial court's affirmative duty was specifically premised on the jury's "need for instruction."

In this case, the jury did not "need" (*Jarman*) or "require" (*Fishback*) instruction on the abolition of parole. As stated during the analysis of the *voir dire* issue, the concept of a mandatory penalty cannot be reconciled with jury sentencing. The court would confuse the jury at best, or encourage and condone nullification, at worst, by *sua sponte* instructing juries to consider parole ineligibility in mandatory penalty cases. The jury cannot impose the punishment it believes just, based on the evidence and the law, but must impose the punishment the legislature believes just, based only on the finding of guilt for the offense. In essence, there is simply no reason, factual or legal, to *sua sponte* instruct the jury on parole ineligibility in a mandatory penalty case.

The defendant's motion to rehear is denied.